IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH SCHROEDER,

        Plaintiff,

v.                                                 Case No. 15-1178-JTM

MARK KAHRS a/k/a KAHRS LAW
and NATASHA RIFFEL-KUHLMANN,

        Defendants.

MEMORANDUM AND ORDER

    This case arises out of a debt owed by plaintiff Joseph Schroeder for his child's education. Before the court are defendants Mark Kahrs, a/k/a Kahrs Law ("Kahrs"), and Natasha Riffel-Kuhlmann's motions to dismiss pursuant to Rule 12(b)(6). (Dkts. 7, 12). As discussed below, defendants' motions are granted.

I. Background

    Consistent with the court's obligation to accept as true the facts alleged in the complaint when evaluating 12(b)(6) motions, the following is derived from the complaint (Dkt. 1).

    Plaintiff owed a debt to the Derby, Kansas, School District. The debt was an outstanding balance related to his child's education. The school referred the debt to Kahrs for collection. Plaintiff attempted to contact Kahrs about the debt by telephone and by email, to no avail. Kahrs sued plaintiff to collect the debt and

served plaintiff at an incorrect address. Plaintiff then attempted to contact Kahrs by certified mail, but Kahrs refused the delivery.

Plaintiff, acting *pro se*, filed this suit alleging violations of § 808 of the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 1692f, for unfair or unconscionable collection practices.

## II. Legal Standard

A complaint "must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). It must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but the complaint must state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where a complaint fails to sufficiently plead a plausible claim to relief, the complaint may be dismissed. FED. R. CIV. P. 12(b)(6).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (clarifying and affirming *Twombly* 's probability standard). "While the 12(b)(6) standard does not require that [a] [p]laintiff establish a prima facie case in [his] complaint, the elements of each

alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012).

The court must assume that all allegations in the complaint are true. *Twombly,* 550 U.S. at 589. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman,* No. 008–2422, 2010 WL 420057, at *2, (D.Kan. Jan. 29, 2010) (quoting *Swierkiewicz,* 534 U.S. at 511).

Although pro se filings are to be construed liberally, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "Pro se parties must follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

### III. Analysis

A plaintiff may prevail on a § 1692f claim by proving: that (1) he is a "consumer" as defined in § 1692a(3), (2) that defendant is a "debt collector" as defined in § 1692a(6), (3) that defendant collected or attempted to collect a debt, and (4) that defendant used "unfair or unconscionable means" to collect the debt. 15 U.S.C. § 1692f. Section 1692f enumerates eight non-exclusive "unfair or unconscionable means:"

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt

3

or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

    (B) there is no present intention to take possession of the property; or

    (C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f. An attorney may qualify as a "debt collector" under the FDCPA if he "'regularly' engage[s] in consumer-debt collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

### A. Kahrs's Motion to Dismiss (Dkt. 7) is granted.

When construed liberally, the two-page complaint alleges that Kahrs violated § 1692f by (1) filing suit for the collection of plaintiff's debt before making reasonable efforts to collect the debt directly, (2) intentionally affecting improper service in a debt collection action by attempting to serve plaintiff at an incorrect address, and (3) refusing delivery of mail.

Authority regarding a *generalized* claim of "unfair or unconscionable" collection under § 1692f is scarce. The court is unaware of authority indicating that Kahrs could violate § 1692f simply by filing suit against plaintiff.

As to plaintiff's improper service allegation, this court has previously held that pursuing a collection action without serving the debtor, while it may render a collection a nullity, is not an FDCPA violation. *See Dillon v. Riffel-Kuhlmann*, 574 F. Supp. 2d 1221, 1223 (D. Kan. 2008).

Finally, plaintiff alleges that he attempted to mail or call Kahrs to settle the debt, but that Kahrs refused the communications. He argues that Kahrs's conduct was intended to ensure that the debt was collected only through litigation, in efforts to increase Kahrs's profits. Again, the court is unable to identify authority indicating that such conduct would violate § 1692f. Plaintiff does not allege that defendant seeks to recover from him an amount greater than the actual debt. Nor does he allege any other conduct specified in § 1692f.

The complaint otherwise contains only the type of conclusory allegations that fail to raise plaintiff's right to recover above mere speculation and into the realm of

plausibility. The complaint is dismissed as to Kahrs for failure to state a claim upon which relief can be granted.

### B. Riffel-Kuhlmann's Motion to Dismiss (Dkt. 12) is granted.

The complaint fails to direct any allegations at Riffel-Kuhlmann; it does not reference her at all. Plaintiff fails to state a claim against Riffel-Kuhlmann.

The complaint is dismissed without prejudice.

IT IS ACCORDINGLY ORDERED this 6th day of October, 2015, that Kahrs's Motion to Dismiss (Dkt. 7) is GRANTED.

IT IS FURTHER ORDERED that Riffel-Kuhlmann's Motion to Dismiss (Dkt. 12) is GRANTED.

s\ J. Thomas Marten
J. THOMAS MARTEN, JUDGE